Paul E. Danielson, Justice, dissenting. Because I am of the opinion that our decision in Wooten v. State, 2010 Ark. 467, 370 S.W.3d 475 is, and should remain, controlling precedent in this case, I respectfully dissent. This court strongly adheres to the doctrine of stare decisis. See Hervey v. State, 2011 Ark. 113, 2011 WL 913203. Indeed, it is well settled that “precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable.” Low v. Ins. Co. of N. America, 364 Ark. 427, 431, 220 S.W.3d 670, 673 (2005). |„Our test is whether adherence to the rule would result in “great injury or injustice.” Id., 220 S.W.3d at 673. This is not such a case. Applying the test here, it is not our adherence to the rule in Wooten that would result in great injury or injustice. To the contrary, it is the majority’s overruling of that decision that has such a result — markedly so because this case involves a sentence of death. See Anderson v. State, 367 Ark. 536, 242 S.W.3d 229 (2006) (Imber, J., dissenting) (observing that a change in the law is particularly regrettable when it affects a person who is appealing his death sentence). I would follow what I believe to be our correct and well-reasoned decision in Wooten and would grant the instant motion. Accordingly, I dissent.